# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0528-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER B. LOCKLEAR,
a/k/a JOHNNIE MICKENS, and
ALEXANDER B. RODRIGUEZ,

    Defendant-Appellant.

_____

Submitted January 27, 2022 – Decided March 16, 2022

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-07-0767.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Alicia Gres, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alexander Locklear appeals from the April 30, 2020 Law Division order denying him post-conviction relief (PCR). We affirm.

On August 6, 2010, defendant entered a guilty plea to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4).[1] The judge exhaustively reviewed the plea form defendant signed and the terms of the agreement. The colloquy included a discussion regarding parole supervision for life (PSL), N.J.S.A. 2C:43-64, which is triggered by the sexual assault conviction. The judge detailed the charges that could be filed against defendant were he to violate PSL, and the associated penalties, including imprisonment. The judge sentenced defendant on October 29, 2010.

When the judge asked defendant if he understood the conditions of PSL as described on the plea form, defendant responded in the affirmative. Defendant also expressed satisfaction with the services rendered by his attorney and said he had no questions about the negotiated sentence, the plea form, or its contents. After the colloquy ended, defendant had no questions for his attorney or for the court.

---

[1] The plea agreement included a charge from an unrelated indictment not relevant to this appeal.

A-0528-20

Since his release after completing the negotiated four years in state prison, defendant has been sentenced on July 30, 2016, to twelve months for his first PSL violation, fourteen months on November 9, 2017, for his second PSL violation, and sixteen months on April 23, 2020, for his third. While incarcerated on the second violation, defendant filed a PCR petition.

The judge who denied defendant's PCR petition did so because defendant failed to meet his burden of proof by a preponderance of the credible evidence. The judge noted that this petition was filed on January 9, 2018, nearly nine years after the sentence.[2] This was, as the judge explained, "well beyond the five-year time limit of Rule 3:22-12(a)(1)." The judge found defendant's argument that the time bar should be relaxed in his case because he could not have "visualized" the sentencing consequences imposed for violations of PSL to simply be insufficient to warrant relaxation of the time limits—no injustice would occur if the time bar was not relaxed.

Furthermore, the judge opined that even if the time bar did not exist, defendant had failed to satisfy the two-prong test established in Strickland v. Washington: that counsel's performance fell below an objective standard of reasonableness and that but for counsel's unprofessional errors, the result of the

---

[2] In actuality, the timeframe was some seven years and two months.

A-0528-20

proceeding would have been different. 466 U.S. 668, 685-86 (1984). Defendant made only bare allegations with reference to his attorney's failure to explain the terms of PSL to him, which did not suffice. See State v. Cummings, 321 N.J. Super. 154, 168 (1999). Defendant, while under oath, answered detailed questions about that aspect of the sentence, including a statement that he understood the potential for up to eighteen months' imprisonment for violation of any of the conditions imposed under PSL. The transcript of the plea thus did not support his claim his attorney's representation fell outside the bounds of professionally competent assistance, or that he would not have entered a guilty plea but insisted on going to trial had he understood the risks of PSL. See State v. Fritz, 105 N.J. 42, 58 (1987). The judge also denied defendant's request for an evidentiary hearing as he did not establish a prima facie case as required by the rules and well-established precedent.

Now on appeal, defendant raises the following alleged errors:

POINT ONE

THE TIME BAR OF R. 3:22-12 SHOULD NOT BE APPLIED TO DEFENDANT'S PETITION FOR [PCR] BECAUSE DEFENDANT COULD NOT ANTICIPATE THAT THE CONDITIONS OF [PSL] WERE SO ONEROUS THAT HE WOULD BE CONVICTED OF VIOLATIONG PSL TWICE AFTER THE FIVE[-]YEAR TIME BAR EXPIRED.

4

POINT TWO

THE PCR COURT ERRED WHEN IT RULED THAT DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS PROCEDURALLY BARRED BY R. 3:22-4.

POINT THREE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE FAILURE OF PLEA COUNSEL TO EXPLAIN TO DEFENDANT THE FULL PENAL CONSEQUENCES OF HIS GUILTY PLEA, SPECIFICALLY THAT [PSL] WAS SO RIGOROUS IT COULD LEAD TO REPEATED INCARCERATIONS, COULD ONLY BE EXPLORED IN AN EVIDENTIARY HEARING AND THE ABSENCE OF ANY EXPLANATION OF PSL BY COUNSEL TO DEFENDANT ON THE RECORD ESTABLISHED A PRIMA FACIE CASE.

POINT FOUR

THE FAILURE OF TRIAL COUNSEL TO ADVISE DEFENDANT THAT A CRITICAL PENAL CONSEQUENCE OF HIS GUILTY PLEA WOULD BE THAT ANY VIOLATION OF THE RIGOROUS TERMS OF [PSL] WOULD EXPOSE HIM TO REPEATED PERIODS OF INCARCERATION, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

We consider these issues to lack sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and affirm substantially for the reasons stated by Judge Robert W. Bingham, II.

Defendant did not establish any circumstances equating to excusable neglect that would justify the untimely filing. The consequences of violating PSL were clearly explained to him on the record. Defendant knowingly entered into the plea agreement in the face of those possible consequences.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0528-20